IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TYESHA N. ISOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.  4:21-CV-703-ALM-KPJ |
| | § | |
| UNITED STATES SENATE, et al., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 2. As set forth below, the Court recommends this lawsuit be **DISMISSED** without prejudice.

### I.  BACKGROUND

On September 14, 2021, Plaintiff Tyesha N. Isom ("Plaintiff") filed her Complaint (Dkt. 1) and a Motion to Proceed In Forma Pauperis (Dkt. 3). Plaintiff is suing the United States Senate, all "Senators of the 117th Congress," United States President Joe Biden, "First Ladys [sic] Jill Biden, Michelle Obama, Melania Trump," Nancy Pelosi, Attorney General of Texas Ken Paxton, and Attorney General Maura Healey. *See* Dkt. 1 at 1. Largely incomprehensible, Plaintiff's Complaint raises several allegations against Defendants in connection with the "kill[ing] or assassination" of "Haiti President Jovenel Moise and his beloved First Lady." *Id.* at 6 (emphasis removed). Plaintiff states she has filed her Complaint to "show the 100 U.S. Senators and the First Lady's [sic] . . . are not as responsible and careful for the United States Government body and the corporation administration for the United States Citizens." *Id.* Plaintiff claims that she has filed this lawsuit in order to ensure "the security of [her] resources and future investments." *Id.* In the

1

Civil Cover Sheet, Plaintiff describes her cause of action as "False Claim Act [for] wrongful convictions using fraud ordered by the U.S. federal Government." *See* Dkt. 1-1.

In terms of relief sought, Plaintiff asks the Court to "make [an] arrest for perjury, if need be, and revoke U.S. First Lady Jill Biden['s] executive powers to execute U.S. citizens for interrupting her illegal criminal crimes against U.S. humans." *See* Dkt. 1 at 1. She also asks "the U.S. Courts to release and remove the First Ladys' [sic] including past and present Jill Biden from her duties . . . [because] [s]he is a terror trying to reign against the proper efforts for humanity to exist and live in the United States[.]" *Id.* at 7. She further asks that the "United States Senate pay [Plaintiff] and [her] children . . . . [a] total gross of 300-400 million dollars from their rights and equity of the United States homeland[.]" *Id.* at 6.

## II.  ANALYSIS

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Indeed, federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A "federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). As the federal rules prescribe, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "The party seeking to invoke

Case 4:21-cv-00703-ALM-KPJ   Document 4   Filed 06/23/22   Page 3 of 6 PageID #: 26

the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

The Supreme Court has stated that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell v. Hood* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is "'patently insubstantial,' presenting no federal question suitable for decision." *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)), *aff'd*, No. 16-5271, 2017 WL 2332615 (D.C. Cir. Feb. 6, 2017). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful factual allegations." *Id.*; *see also Juste v. Resident Agency Martinsburg*, 153 F. Supp. 3d 242, 244 (D.D.C. 2016) (explaining dismissal for lack of subject matter jurisdiction is appropriate when the plaintiff pleads "events and circumstances of a wholly fanciful kind"). Stated differently, dismissal for lack of subject matter jurisdiction is appropriate when a complaint is "'obviously frivolous' factually." *Richard-Coulibaly v. Alanis*, No. 1:19-mc-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (quoting *Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) (per curiam)).

Because Plaintiff is proceeding *pro se*, the Court liberally construes her Complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under such liberal construction, however, the Court finds that Plaintiff has failed to allege facts establishing subject matter jurisdiction.

3

Plaintiff's Complaint contains no specific allegations supporting federal question or diversity jurisdiction. Though Plaintiff mentions the False Claims Act in the Civil Cover Sheet, her Complaint does not cite to, or otherwise, mention the False Claims Act. *See Deutsche Bank Nat'l Tr. v. Broussard*, No. 13-cv-1400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (dismissing case because "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction"). Nor does Plaintiff plead any allegations in her Complaint that would suffice to state a claim for relief under the False Claims Act. *See United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 323–24 (5th Cir. 2017) ("The FCA imposes civil liability and treble damages on any person who, inter alia, 'knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval' to the United States government; or 'knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim.'") (quoting 31 U.S.C. § 3729(a)(1)(A)–(B)). Plaintiff also fails to plead facts demonstrating subject matter jurisdiction based on diversity jurisdiction.

In addition, Plaintiff's allegations appear to be fanciful, irrational, and baseless, and as a whole, are insufficient to support any legal claim—stated differently, the Complaint is legally and factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (holding a complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless'"); *see also Lavender v. Parkland Hosp.*, No. 3:19-cv-2549, 2020 WL 7029913, at *4 (N.D. Tex. Oct. 14, 2020) (recommending the pro se plaintiff's "fantastic, delusional, irrational, or wholly incredible" complaint be dismissed for lack of subject matter jurisdiction or, alternatively, as frivolous), *R & R adopted*, No. 3:19-cv-2549, 2020 WL 7027468 (N.D. Tex. Nov. 30, 2020); *see also Attia v. Jackson*, No. 1:20-cv-211, 2020 WL 7701018, at *3 (S.D. Miss. Nov. 30, 2020) (recommending the pro se plaintiff's complaint, which contained

"delusional claims," be dismissed for lack of subject matter jurisdiction or, in the alternative, as frivolous), *R & R adopted*, No. 1:20-cv-211, 2020 WL 7388430 (S.D. Miss. Dec. 16, 2020). Accordingly, Plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction.

The Court further recommends that Plaintiff's Complaint be dismissed without leave to amend. Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly demonstrate a lack of subject matter jurisdiction in this Court, and her claims lack a rational basis. Thus, granting leave to amend would be futile and cause needless delay.

### III. RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 23rd day of June, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE